UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER A. STANTON,

    Petitioner,

    v.                                CAUSE NO. 3:20-CV-473-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Christopher A. Stanton, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC-20-3-46) at the Westville Correctional Facility in which a disciplinary hearing officer found him guilty of assaulting staff in violation of Indiana Department of Correction Offense 117 and sanctioned him with a loss of one hundred eighty days earned credit time and two demotions in credit class.

Mr. Stanton argues that he is entitled to habeas relief because he didn't strike the correctional officer but held the correctional officer so as to defend himself from that officer until assistance arrived. He also argues that the video recording summary was inaccurate.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer says that Mr. Stanton struck him in the nose with a closed first and broke his glasses. ECF 9-1. While it's hard to assess whether each detail of the video recording summary was accurate due to the video recording's poor quality, the video recording clearly shows Mr. Stanton engaged in a physical struggle with the correctional officer. ECF 12. Mr. Stanton concedes that he grabbed and held the correctional officer against the wall, which itself would be sufficient to support a finding of guilt on an assaulting staff charge. The conduct report, the video recording, and Mr. Stanton's admission constitute some evidence that Mr. Stanton assaulted staff. Mr. Stanton's primary argument is that he was acting to defend himself from the correctional officer, but he has no constitutional right "to raise self-defense as a complete defense in prison disciplinary proceedings." Scruggs v. Jordan, 485 F.3d 934, 938–939 (7th Cir. 2007); Rowe v. DeBruyn, 17 F.3d 1047, 1054 (7th Cir. 1994). The claim that the hearing officer did not have sufficient evidence isn't a basis for habeas relief.

Mr. Stanton argues that he is entitled to habeas relief because he received inadequate assistance from a lay advocate. "[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." Miller v. Duckworth, 963 F.2d 1002, 1004 (7th Cir. 1992). Mr. Stanton's filings demonstrate his literacy, and the charge that he assaulted a correctional officer

2

wasn't particularly complex. Mr. Stanton says that another inmate assisted him with preparing the petition and that he's not sufficiently literate to defend against a disciplinary charge, but his other filings suggest otherwise: they include cogent arguments, relevant legal citations, and references to the administrative record. ECF 15, ECF 17; ECF 18. The argument that he received inadequate assistance from a lay advocate isn't a basis for habeas relief.

Mr. Stanton also argues in his traverse that he is entitled to habeas relief because correctional staff denied his requests for witnesses, who would have supported his claim of self-defense. State prisoners generally must exhaust State court remedies to obtain habeas relief in federal court, 28 U.S.C. § 2554, but "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." Moffat v. Broyles, 288 F.3d 978, 981-82 (7th Cir. 2002). Mr. Stanton didn't raise this claim during administrative appeal, so this claim is procedurally defaulted. ECF 9-9.

Because Mr. Stanton hasn't asserted a valid claim for habeas relief, the court denies the habeas petition. Mr. Stanton doesn't need a certificate of appealability to appeal this decision because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). He can't proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Christopher A. Stanton leave to proceed in forma pauperis on appeal.

SO ORDERED on August 23, 2021

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT